MARTÍNEZ, PETICIONARIO, *v.* CROSAS, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Aguadilla, en un procedimiento sobre administración judicial.

No. 216.—Resuelto en marzo 15, 1918.

ADMINISTRACIÓN JUDICIAL—OPOSICIÓN A LA OCUPACIÓN DE BIENES—INSUFICIENCIA DE LA MOCIÓN.—Cuando el escrito de oposición a la ocupación de bienes por un administrador judicial se limita a simples manifestaciones, sin documentarlas ni jurarlas, no son bastantes para servir de base a una resolución judicial, por lo que la corte no puede tomarlas en consideración para conceder lo que se pide.

ID. — BIENES SUJETOS A ADMINISTRACIÓN. — Los bienes que pueden ser ocupados por· un administrador judicial de una testamentaría, son aquellos que se hallaban en poder del causante al tiempo de su muerte.

ID. — BIENES QUE NO PERTENECEN A LA TESTAMENTARÍA — DEVOLUCIÓN — PROCEDIMIENTO ADECUADO.—Cuando se demuestra claramente que se han ocupado bienes como de la testamentaría que no estaban en poder del causante, la corte debe ordenar su devolución en el mismo procedimiento sin necesidad de que la persona que los reclama tenga que acudir a un juicio ordinario independiente de la testamentaría.

ID.—RECLAMACIÓN DE BIENES—CUÁNDO PROCEDE EL JUICIO ORDINARIO.—El juicio ordinario para reclamar bienes que están en posesión de un administrador judicial, sólo es necesario cuando a pesar de haber tenido el causante de la testamentaría la posesión en el momento de su muerte otro se cree con derecho a la cosa.

ID.—FIANZA DEL ADMINISTRADOR—ALCANCE DE LA MISMA.—Conforme el artículo 32 de la ley de procedimientos legales especiales la fianza que presta un administrador judicial lo es solamente en beneficio de los herederos y para responder de los actos de su administración.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Víctor P. Martínez* y *Luis Muñoz Morales.*

Abogado del demandado: *Sr. Juan B. Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Don Víctor Martínez y Martínez murió en el año 1912, dejando un hijo legítimo nombrado Víctor Primo Martínez y González, quien un mes después fué declarado su único heredero abintestato.

Algunos años después consiguió Cecilia Méndez que sus hijos Pedro Angel y Laura María fueran declarados por sentencia hijos naturales reconocidos de don Víctor Martínez y Martínez, y también que se les declarase herederos de su padre, en unión del hijo legítimo, en la cuota que a los hijos naturales concede el Código Civil.

Posteriormente Cecilia Méndez, en nombre de sus dichos hijos menores de edad, presentó moción jurada a la Corte de Distrito de Aguadilla solicitando que nombrase un administrador judicial que se incautase de los bienes relictos por don Víctor Martínez y Martínez, alegando que se hallan en poder del hijo legítimo, algunos de ellos inscrito a su nombre. A tal efecto relacionó dichos bienes.

Se opuso el hijo legítimo a que se decretase la administración alegando, entre otras cosas, que el pasivo de su causante fué mayor que su activo; y en cuanto a la relación de los bienes hecha por Cecilia Méndez, expuso que los bienes que se reseñaron pertenecen unos al acreedor de Víctor Martínez y Martínez, sin mencionar quién sea; negó que otros hayan pertenecido al causante, pero tampoco expresa que pertenezcan a él, y aunque con respecto a otros hace esta manifestación no consigna en virtud de qué título los adquirió. Con la oposición acompañó dos declaraciones juradas (*affidavits*) de dos personas, referentes a que ellas practicaron un inventario de los bienes del que resulta que las deudas eran mayores que los bienes dejados. No expresaron por orden de quién hicieron tal cosa, por más que parece deducirse que fué por orden del heredero.

El juez decretó la administración judicial, nombró administrador y ordenó que se le diera posesión de los bienes relacionados en la solicitud de Cecilia Méndez, a cuyo fin el secretario libró mandamiento al márshal en el que los relacionó.

Posiblemente entonces no se entregaron todos al administrador, porque después pidió Cecilia Méndez que se entregaran a dicho funcionario algunos bienes de los que no había

tomado posesión, lo que dió lugar a que el hijo legítimo se opusiera alegando, entre otras cosas, en términos generales, que ciertos establecimientos a que se refiere la moción de Cecilia Méndez son de su propiedad particular por haberlos comprado en 1906, según le constaba al abogado de la parte contraria. El juez ordenó la entrega que se pedía.

Después de esto presentó el hijo legítimo nueva moción, entre otras cosas, para que se le entregaran los bienes de su propiedad que habían sido ocupados como de la herencia. La moción no está jurada ni documentada, pero es la primera vez que el heredero Víctor Primo Martínez, en su larga oposición en este caso, consigna algo que pudiera justificar su pretensión ya que en ella expresa cuáles bienes de los ocupados le pertenecen por ser de su propiedad particular, dividiendo los ocupados en tres grupos: uno en el que incluye los que le pertenecen por haberlos adquirido después de la muerte de su padre; en otro figuran los que adquirió con anterioridad a esa fecha, y en el tercero los que le fueron adjudicados en la liquidación de la herencia de sus padres. Después de ser oído sobre esta moción el administrador judicial, resolvió la corte de distrito la solicitud, en cuanto al particular mencionado, desestimándola, fundándose en que si se le entregaran los bienes por su sóla afirmación sería impracticable la administración judicial, y en que si un coheredero se cree con derecho a la propiedad exclusiva de una finca incluída en una administración judicial o inventariada a los fines de las operaciones divisorias, el remedio para el coheredero es presentar una demanda por separado pidiendo que se declare la propiedad exclusiva a su nombre, interpuesta contra la sucesión o entidad de la herencia.

Más tarde y a instancia de la madre de los menores ordenó la corte que se entregaran al administrador dos fincas que según el registro de la propiedad adquirió el hijo legítimo por herencia de sus padres, fundándose en que *prima facie* pertenecían al caudal de la herencia. También en otra orden autorizó al administrador para que demandara judi-

cialmente del hijo legítimo ciertos bienes que no habían sido
incluídos en el inventario notarial que se había hecho de los
bienes, porque figuraban inscritos a su nombre en el regis-
tro de la propiedad.

Nuevamente insistió el hijo legítimo en que se le devol-
vieran los bienes ocupados y en apoyo de su petición pre-
sentó por primera vez dos escrituras públicas referentes a
dos de los bienes ocupados, refiriéndose una a una finca de
11 cuerdas y 95 céntimos radicada en el barrio de Hato Arriba
de San Sebastián, que antes de la muerte de su padre compró
a José de los Santos Hernández, y siendo la otra una escri-
tura por la cual después de la muerte de su padre vendió
con precio aplazado y garantizado con hipoteca una finca de
111 cuerdas en el barrio de Purísima Concepción del término
municipal de las Marías, que en vida de su padre adquirió
de Pedro Méndez por adjudicación en pago de un crédito
hipotecario.

Al resolver la corte esta nueva petición la negó en 1º. de
diciembre de 1917, fundada en que en anteriores resoluciones
dictadas en el caso tenía resuelto que cuando se trata de re-
clamar bienes que se hallan bajo administración debe utili-
zarse la vía ordinaria correspondiente.

En este estado el asunto presentó Víctor P. Martínez y
González en esta Corte Suprema un recurso de *certiorari*
contra el juez de la Corte de Distrito de Aguadilla por dis-
tintos motivos, y librado el auto, al verificarse la vista del
mismo, su abogado, oralmente y por escrito limitó el recurso
a la cuestión a que hemos venido refiriéndonos y cuyo resul-
tado final fué la orden de 1º de diciembre de 1917, que en lo
sustancial hemos transcrito.

Por los antecedentes expuestos se ve claramente que si
bien la denuncia de bienes relictos, hecha bajo juramento por
Cecilia Méndez fué atacada por la oposición, también jurada,
de Víctor P. Martínez y González, sin embargo, tal oposición
en nada contradecía aquella denuncia toda vez que no con-
signaba hecho alguno que pudiera llevar a la corte el conven-

cimiento de que había ordenado la ocupación de bienes que no pertenecían a la herencia de Víctor Martínez y Martínez. La posterior oposición del hijo legítimo a la ocupación de bienes se limitó a simples manifestaciones suyas, sin documentarlas ni jurarlas, y no son bastantes para servir de base a una resolución judicial, por lo que la corte no podía tomarlas en consideración para concederle lo que pedía. *El Pueblo* v. *Pujols,* 23 D. P. R. 881.

Año y medio necesitó el heredero legítimo para convencerse de que no debía contentarse con simples manifestaciones y que debía presentar al juez alguna prueba que destruyera la afirmación jurada hecha por Cecilia Méndez de que los bienes que relacionaba en su moción constituían el caudal dejado por don Víctor Martínez y Martínez, pues hasta el 26 de noviembre de 1917 no le presentó las copias notariales de las dos escrituras públicas que hemos reseñado, según las cuales la finca y crédito hipotecario a que se refieren no forman parte del caudal relicto por dicho causante ya que desde antes de su muerte se hallaban en la posesión de su hijo legítimo por haberlas comprado a terceras personas.

Sin embargo, a pesar de aparecer esto claro de dichos documentos el juez se negó a resolver la petición por entender que don Víctor P. Martínez debía hacer su reclamación en un juicio ordinario independiente.

Los bienes que pueden ser ocupados por la administración judicial de una testamentaría son aquellos que se hallaban en poder del causante al tiempo de su muerte. Por tanto, cuando en una administración judicial se ocupan bienes como de la testamentaría que no estaban en posesión del causante de ella al tiempo de su muerte y esto se demuestra claramente a la corte que ordenó su incautación y entrega al administrador judicial, debe ésta ordenar su devolución en el mismo procedimiento sin necesidad de que la persona que los reclama tenga que acudir a un juicio ordinario independiente de la testamentaría. Esta clase de juicio sólo es necesario

cuando a pesar de haber tenido el causante de la testamentaría la posesión en el momento de su muerte, otro se cree con derecho a la cosa.

La alegación del abogado de la madre de los menores hecha en la vista de este recurso contraria a lo que decimos, no está sostenida por su conducta en el tribunal inferior, toda vez que al hacer notarialmente el inventario de bienes no incluyó en él algunos de los que relacionó en su moción, teniendo en cuenta para esa eliminación que están inscritas a favor del heredero legítimo por lo que pidió y obtuvo de la corte permiso para que el administrador judicial los demandase en juicio ordinario.

El hecho de que el administrador judicial tiene prestada una fianza no sostiene tampoco la tesis del abogado de la demandada, toda vez que del artículo 32 de la Ley de Procedimientos Legales Especiales se desprende que la fianza se presta solamente en beneficio de los herederos y para responderles de los actos de administración, ya que el administrador puede ser relevado de ella por los herederos que sean mayores de edad. Por otra parte la denuncia de los bienes, origen de la ocupación fué hecha por la madre de los menores.

Por las razones expuestas la corte inferior erró al no tomar en consideración los documentos que le presentó el peticionario Víctor P. Martínez y González, y en cuanto a este particular debe anularse su orden de 1°. de diciembre de 1917 y devolvérsele los autos con instrucciones de que los considere y resuelva de acuerdo con los principios enunciados en esta opinión.

> *Anulada la resolución de 1°. de diciembre de 1917, recurrida, en cuanto no se tomaron en consideración los documentos presentados por el peticionario.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.