CABANILLAS, PROMOVENTE Y APELADO, *v.* TORRENT, OPOSITORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre testamentaría.

No. 2807.—Resuelto en junio 12, 1923.

ADMINISTRACIÓN JUDICIAL DE HERENCIA—PARTE QUE PUEDE PEDIR LA ADMINISTRACIÓN JUDICIAL DE HERENCIAS.—Los artículos 23, 24 y 25 de la ley de procedimientos legales especiales demuestran que si bien la administración judi-

cial es *necesaria* en los casos del artículo 25, puede decretarse en los casos fijados en el artículo 23 cuando voluntariamente se pidiere, con excepción de los casos comprendidos en el artículo 24. En otras palabras, en los casos del artículo 25 siempre debe haber una administración judicial mientras que en los del artículo 23 puede prescindirse de ella si no la pidiere alguna de las personas mencionadas en él.

ID.—CONTADOR PARTIDOR DE LA HERENCIA.—El hecho de que en el caso de desacuerdo entre los herederos a que se refiere el artículo 1026 del Código Civil se pueda obtener el nombramiento de un contador partidor, no impide que se pueda nombrar antes un administrador judicial.

ID.—El hecho de que el heredero instituído exprese en la solicitud pidiendo la administración judicial que el administrador que se nombre tendrá que instituir las acciones correspondientes contra la viuda para recuperar ciertas sumas de dinero percibidas por ella, para traerlas a la masa común y ser divididas, no es obstáculo para que se nombre un administrador.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Sabater.*

Abogado del apelado: *Sr. J. Alemañy Sosa.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Alejandro Cabanillas Colón murió en el año 1917 sin descendientes legítimos de sus dos matrimonios y con testamento en el que instituyó por sus herederos a su padre Eugenio Cabanillas Pérez, a su hija natural reconocida María Cabanillas y a su viuda María Teresa Torrents por su cuota usufructuaria, a la que también legó la mitad de una casa, siendo todos ellos mayores de edad. También nombró albacea de sus bienes a cierta persona que no ha querido aceptar el cargo.

En el año 1922, el padre Eugenio Cabanillas Pérez solicitó del tribunal inferior que nombrase un administrador judicial de los bienes del finado, a cuya petición accedió el tribunal después de oír a las partes, y contra esa resolución interpuso la viuda María Teresa Torrents este recurso de apelación.

Alega la apelante en apoyo de su recurso que esa resolución es errónea porque la administración judicial no procede cuando todos los herederos son mayores de edad, porque, de acuerdo con el artículo 25 de la Ley de procedi-

mientos legales especiales, en los únicos casos en que debe nombrarse el administrador judicial es cuando existieren menores que no estén representados por su padre, madre o tutor, o cuando todos o algunos de los herederos estén ausentes y no tengan representante legítimo o cuando algún interesado en la herencia estuviere incapacitado y no tu viere representante legítimo, y cita el caso de *Ex parte Sotomayor,* 24 D. P. R. 185.

Según el artículo 23 de la Ley de procedimientos legales especiales (sección 1562 de la Compilación de los Estatutos Revisados) el albacea testamentario, y en caso de que no hubiese sido nombrado o no hubiere testamento con validez legal, el cónyuge sobreviviente o cualquier heredero forzoso o persona que se presente como heredero testamentario, o legatario, o cualquier acreedor con título escrito no asegu· rado *podrá* solicitar la administración judicial de los bienes de la persona finada.   El artículo 24 dispone que no podrá decretarse la administración judicial cuando el testador la hubiese prohibido expresamente a sus herederos voluntarios y hubiese nombrado persona para que como albacea o contador partidor practique la división de sus bienes, ni cuando los acreedores tengan asegurados sus créditos o les dieren los deudores fianza bastante para responder de sus créditos independientemente de los bienes del finado.   Y el artículo 25 determina que será necesaria la administración judicial cuando todos o alguno o algunos de los herederos estén ausentes y no tengan representante legítimo en la jurisdicción del último domicilio de la persona finada o lugar donde radiquen sus bienes, o cuando un heredero o legatario sea menor o esté incapacitado y no esté representado por su padre o madre o por un tutor que haya prestado fianza con arreglo a la ley.

No hace el apelante otra argumentación que la que antes hemos expuesto, pero entendemos que quiere sostener que sólo procede la administración judicial en los casos es-

pecificados en el artículo 25 citado y que no procede en nin
gún otro caso. Sin embargo, los tres artículos que hemos
relacionado substancialmente demuestran que si bien la ad-
ministración judicial es *necesaria* en los casos del artículo
25, puede decretarse en los casos fijados en el artículo 23
cuando voluntariamente se pidiere, con excepción de los ca-
sos comprendidos en el artículo 24. En otras palabras en
los casos del artículo 25 siempre debe haber una adminis-
tración judicial mientras que en los del artículo 23 puede
prescindirse de ella si no la pidiere alguna de las personas
mencionadas en él. El caso *Ex parte Sotomayor, supra,* no
es aplicable al presente pues lo que en él se decidió fué que
estando los menores representados por su padre no era ne-
cesaria la administración judicial.

También sostiene la apelante que la administración ju-
dicial no procede en este caso porque existe desacuerdo en-
tre los herederos en cuanto al carácter legal de los bienes
relictos por el finado por lo que lo procedente es nombrar un
contador partidor de acuerdo con el artículo 1026 del Có-
digo Civil y el 67 de la Ley de Procedimientos Legales Es-
peciales, citando nuestra sentencia en el caso de *Labarthe*
v. *Neuman,* 23 D. P. R. 689.

Es cierto que existe desacuerdo entre los herederos con
respecto al carácter legal de ciertos bienes adquiridos du-
rante el matrimonio por la apelante, que el testador mani-
festó ser privativos de su cónyuge por haberlos adquirido ella
con dinero procedente de su herencia paterna y cuyos bienes
incluye el apelado en su petición como bienes gananciales su-
jetos a partición, pero tal disparidad no es motivo para de
jar de decretar la administración judicial porque la ley no
la ha establecido como excepción al derecho que concede al
heredero peticionario para solicitar la administración judi-
cial. El caso de *Labarthe* v. *Neuman, supra,* no es aplica-
ble al presente pues habiéndose solicitado en él el nombra-
miento de un contador partidor, no de un administrador,

se resolvió que aquel nombramiento era procedente a pesar de haber discrepancia entre los herederos en cuanto al cacácter legal de los bienes que debían ser divididos.

En cuanto al artículo 1026 del Código Civil, enmendado en 1906, preceptivo de que cuando los herederos mayores de edad no se entendieren sobre el modo de hacer la partición quedará a salvo su derecho para que lo ejerciten en la forma prevenida en la ley de procedimientos legales especiales, aprobada el 9 de marzo de 1905, o sea, pidiendo el nombramiento de un contador partidor, si el testador no lo ha nombrado de acuerdo con el artículo 67 de la ley últimamente citada, dichos preceptos no tienen relación con este caso, pues el hecho de que en el caso previsto por el artículo 1026 se pueda obtener el nombramiento de un contador partidor no impide que se pueda nombrar antes un administrador judicial.

Por último, alega también la apelante que debió negarse la petición del apelado porque se expone en ella que el administrador que se nombre tendrá que instituir las acciones correspondientes contra la viuda para recuperar ciertas sumas de dinero percibidas por ella, para traerlas a la masa común y ser divididas, y cita el caso de *Ex parte Vega,* 28 D. P. R. 389.

Según el artículo 51 de la Ley de Procedimientos Legales Especiales será deber del administrador representar al finado en todos los procedimientos comenzados por o contra el mismo antes de su muerte y los que se promovieren después por o contra el caudal de la herencia, por lo que la manifestación hecha por el apelado en su petición no es obstáculo para que se nombre un administrador; y en cuanto al caso de Vega, *supra,* no sostiene la alegación del apelante pues lo que en él resolvimos fué que no había términos hábiles para constituir una administración judicial sin bienes que administrar y sólo con el fin de establecer deman-

das, porque ese no es el objeto y fin para el que se ha ins
tituído la administración judicial.

La resolución apelada · debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asocia-
dos Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la re-
solución de este caso.