PÉREZ ET AL., PETICIONARIOS Y APELANTES, *v.* ALVAREZ, OPOSI-
TORA Y APELADA.

Apelación procedente de la Corte de Distrito de Arecibo en
pleito sobre administración judicial.

No. 2831.—Resuelto en junio 28, 1923.

ADMINISTRACIÓN JUDICIAL DE HERENCIAS; CUÁNDO PROCEDE.—Cuando la viuda
que resiste la administración judicial bajo el fundamento de que los bie-
nes relictos le pertenecen exclusivamente por haberlos adquirido, parte por
herencia y el resto por compra con peculio propio estando casada con el
causante, no prueba esta última circunstancia aunque pruebe la adquisición
de parte a título de herencia, procede decretar la administración judicial
solicitada por herederos capacitados para pedirla.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Mercader.*

Abogados de la apelada: *Sres. Largé & Zeno.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

Eleuterio Pérez Núñez y su esposa Teresa Castro Zeno
presentaron en el tribunal inferior una petición jurada para
que nombrara un administrador judicial en la que alegaron
que Manuel Pérez Castro, padre legítimo (*sic*) de los peti-
cionarios, murió sin testamento en 1921, estando casado con

Josefa Alvarez, sin que en dicho matrimonio tuvieran hijos; que el interés de los peticionarios es ser ellos sus únicos herederos con la viuda, ésta en cuanto a la cuota usufructuaria; que el difunto dejó bienes consistentes en una finca rústica con casas y en dos fincas urbanas, que se describen, y que desde entonces la viuda viene percibiendo todas las rentas de esos bienes, sin que les haya entregado participación alguna de ellos.

La viuda Josefa Alvarez presentó una oposición jurada a esa petición y, aunque niega que el difunto fuera padre legítimo de los peticionarios, admitió que éstos y ella por su cuota usufructuaria son los únicos herederos pero negó que el difunto dejara los bienes a que se refiere la solicitud pues la finca rústica que se describe en primer término le pertenece exclusivamente por haber adquirido una parte de ella en anterior matrimonio y la otra parte estando casada con Manuel Pérez Castro, pero con dinero de su propiedad, y que las dos fincas urbanas las adquirió una mitad por herencia y la otra mitad por compra con peculio propio.

Por lo expuesto se ve que la controversia entre las partes versa sobre si el difunto dejó o no bienes sujetos a partición entre los herederos.

El día que estaba señalado para oir a las partes sobre esta oposición la viuda fué la única que presentó prueba con respecto a los bienes, resultando de ella documentalmente que heredó de su madre la mitad *pro indivisa* de las fincas urbanas descritas en segundo y tercer término en la petición y que las otras dos mitades las compró estando casada con Manuel Pérez Castro. En cuanto a la finca rústica quiso presentar prueba testifical para probar que es de su exclusiva propiedad pero no le fué permitida.

Con tales alegaciones y pruebas el tribunal inferior se negó a nombrar el administrador judicial solicitado por los peticionarios, contra cuya resolución se interpuso por éstos el presente recurso de apelación.

El objeto del nombramiento de un administrador de los bienes de un finado es incautarse de los bienes de éste y conservarlos para ser distribuídos entre sus herederos y, por tanto, si no ha dejado bienes, entonces, no procede tal nombramiento porque no hay bienes que administrar, según declaramos en el caso de *Ex parte Vega,* 28 D. P. R. 389. Por esto uno de los requisitos exigidos por el artículo 23 de la Ley de procedimientos legales especiales para que proceda tal nombramiento es que en la petición solicitándolo se alegue que la persona finada dejó bienes sujetos a partición, con expresión de la cuantía de éstos y naturaleza de dichos bienes. Pero aunque esto se alegue, si se hace oposición a dicho nombramiento porque la persona finada no dejó bienes sujetos a partición por no pertenecerles y no estar sujetos a partición los que se relacionan en la petición y esto se prueba claramente con documentos, entonces, se estará en el caso de no haber bienes que administrar y no será procedente el nombramiento de administrador. El caso de *Martínez* v. *Crosas,* 26 D. P. R. 228, tiene alguna relación con el presente pues en él se ordenó la devolución de ciertos bienes por haberse demostrado claramente que no pertenecían al finado.

Si bien en este caso se ha probado claramente con documentos fehacientes que la mitad de dos casas fué adquirida por la viuda por título de herencia y por tanto que esas mitades no pertenecen al finado y no están sujetas a partición; en cambio las otras dos mitades de ellas adquiridas durante el matrimonio aparecen ser bienes gananciales, lo mismo que la mitad de la finca rústica descrita en primer término de la relación de bienes hecha por los peticionarios, pues no solamente ha dejado de presentarse por la opositora prueba de que le pertenezca exclusivamente sino que en su escrito de oposición reconoce que una mitad de esa finca la adquirió estando casada con Manuel Pérez Castro, aunque dice que fué con dinero propio suyo. Por consiguiente, *prima facie*

resulta que hay bienes gananciales en los que el difunto tiene alguna participación por lo que es procedente que se nombre un administrador judicial para ellos, sin que sea obstáculo el hecho de que se pueda pedir el nombramiento de un contador partidor de acuerdo con el artículo 1026 del Código Civil, según hemos declarado en el caso de *Cabanillas* v. *Torrents*, resuelto el día 12 de este mes, (p. 42). En el caso de *Martínez* v. *Martínez*, 26 D. P. R. 159, dijimos "el hecho de que un heredero esté en posesión de los bienes, y niegue los derechos de los otros herederos, es justamente un caso propio para el nombramiento de un administrador judicial sujeto al control de la corte."

La resolución apelada debe ser revocada con instrucción de que se haga el nombramiento de administrador judicial.

*Revocada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.