JIMÉNEZ, PETICIONARIO Y APELADO, *v.* CRUZ ET AL., OPOSITORES Y APELANTES.

No. 3114.—*Visto:* Enero 17, 1924. *Resuelto:* Mayo 29, 1924.

ADMINISTRACIÓN JUDICIAL DE HERENCIA—CITACIÓN DE LOS HEREDEROS: CUÁNDO ESTÁ BIEN HECHA.—Para citar a los herederos a la comparecencia ordenada por la corte como consecuencia de una petición sobre nombramiento de administrador judicial, basta que la citación se haga con entrega de copia de la misma. Tal citación no es nula porque no se entregue a los herederos copia del diligenciamiento, ni de la petición, aunque sería una buena práctica la entrega de copia de la petición.

ID.—COMPARECENCIA—RENUNCIA IMPLÍCITA DE OBJECIONES A LA CITACIÓN.—Convocados los herederos a la reunión señalada por la corte para proveer una petición de administración judicial, algunos que habían pedido la nulidad de las citaciones y obtenido la posposición de la vista, finalmente asistieron a la comparecencia en la cual presentaron prueba y propusieron candidatos para cubrir el cargo. *Se resolvió:* que bajo tales circunstancias se presume que los opositores habían renunciado sus objeciones a la citación.

ID.—CAUSA DE ACCIÓN PARA PEDIRLA—BIENES SUJETOS A LA ADMINISTRACIÓN; CARÁCTER DE LOS MISMOS.—El hecho de que en la petición sobre nombramiento de administrador judicial se consignara que la finada había dejado como bienes sujetos a partición las fincas Tendal y Piñal Marién, no per-

mite concluir que "la corte erró al incluir en la administración como bienes privativos bienes que eran gananciales." Ya fueran bienes privativos de la finada dichas fincas, ya gananciales, muerto antes el esposo e indivisa aún su herencia, las fincas pertenecían en su totalidad a los herederos y eran bienes sujetos a administración con las reservas que pudieran imponer las circunstancias concurrentes.

Id.—Id.—Apelación Pendiente—Comunidad de Bienes.—La existencia de una apelación pendiente cuya resolución decidiría sobre el carácter de ciertos bienes de la herencia, no impide que se decrete la administración judicial. Tampoco la existencia de una comunidad formada por algunos herederos, impide a otro heredero que no forma parte de la comunidad, solicitar la administración y a la corte decretarla.

Resolución de *Pablo Berga*, J. (Humacao), decretándose una administración judicial. *Confirmada.*

*J. Guzmán Benítez* y *R. Arce*, abogados de los apelantes; *F. González*, abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Manuel Jiménez y Jiménez, heredero forzoso de doña Eladia Cruz y Jiménez, presentó en la Corte de Distrito de Humacao una solicitud pidiendo el nombramiento de un administrador judicial de los bienes dejados a su fallecimiento por doña Eladia. Archivada la solicitud el 9 de marzo de 1923, se señaló la comparecencia que la ley prescribe para el 23, ordenándose la citación de todos los interesados en la herencia. La citación se verificó en los días 14, 15 y 17 de marzo con entrega de una copia de la misma a cada uno de los interesados.

El 21 de marzo de 1923 los herederos citados, por medio de su abogado José de Guzmán Benítez, presentaron una moción sobre nulidad de las citaciones para la junta. En ella alegaron que las citaciones eran defectuosas porque no se entregó a las personas citadas copia de la petición, ni copia del diligenciamiento. No obstante consignarse en la moción que la comparecencia se hacía al solo efecto de solicitar la nulidad de las citaciones, en la moción se pide a la corte que proceda con cautela porque existían pendientes pleitos entre el peticionario y los demás herederos y podría prejuzgarse la condición de ciertos bienes, y porque se ha-

bía constituido una comunidad de bienes que venía administrando éstos debidamente, estando a disposición del peticionario y de los demás miembros de la Sucesión Jiménez Cruz la parte que les correspondía.

El propio día 21 de·marzo en que la moción a que nos hemos referido fué archivada, se presentó otra sobre suspensión de la comparecencia, acompañada de una estipulación por virtud de la cual ambos abogados, el del peticionario y el de los demás herederos, estipularon, en razón a la enfermedad que padecía el de los últimos, que la comparecencia se suspendiera haciéndose un nuevo señalamiento para la primera semana de abril próximo.

La nueva comparecencia se señaló para el 10 de abril de 1923 y el 7 del propio mes los herederos representados por el abogado Guzmán Benítez presentaron una moción expresando que el abogado de récord era el Sr. Guzmán pero que por seguir enfermo delegaba su representación en el·abogado Sr. Arce.

El 10 de abril se celebró la comparecencia con asistencia de los interesados por sus abogados, y la corte, al día siguiente, dictó la orden apelada cuya parte dispositiva, dice:

"Por tanto, la Corte decreta la administración judicial de los bienes de Eladia Cruz y Jiménez y ordena a las partes que, dentro de cinco días, propongan de común acuerdo, una persona para desempeñar el cargo y si no llegaren a un acuerdo, que sometan a la Corte los nombres de tres personas por cada parte, para proceder la Corte a hacer el nombramiento."

Figura en los autos un escrito titulado "Impugnación de vista" firmado por el abogado Arce y archivado el propio 10 de abril de 1923, en el cual hace constar su excepción por haberse desestimado la moción de nulidad y por haberse celebrado la vista privándose a sus representados de los medios necesarios para preparar su defensa por no habérseles entregado copia de la petición.

Expuestos los hechos, procederemos al examen de los

errores señalados por los apelantes en su alegato,. Son tres, a saber:

1. La corte erró al declarar sin lugar la moción de nulidad;

2. La corte erró al incluir en la administración como privativos bienes que eran gananciales, y

3. La corte erró al decretar la administración sin esperar la resolución de cierta apelación pendiente ante la Corte Suprema en la cual estaba envuelta la condición de los bienes.

En cuanto al primer error, bastará decir que en ninguna parte de la transcripción consta que la corte de distrito declarara. directa y expresamente la moción de nulidad sin lugar. Implícitamente lo hizo porque la corte seguramente estimó que a virtud de la moción de suspensión, acompañada de la estipulación a que nos hemos referido, la petición de nulidad había sido abandonada.

La ley nada dice con respecto a la entrega de una copia de la petición a las personas a quienes se cita. Quizá atendida la naturaleza del procedimiento dicha copia sea innecesaria, aunque nos parece que sería mejor práctica entregarla.

De haberse cometido algún error, no procedería la revocación de la orden apelada, bien por haberse abandonado la impugnación, ya por no ser perjudicial. En la misma moción de nulidad y en todos los procedimientos posteriores demostraron los herederos representados por el Sr. Guzmán Benítez que estaban enterados hasta la saciedad de lo que se trataba y por tanto· en condiciones de preparar sus defensas. Quizá sea conveniente consignar para juzgar la actuación de los apelantes, que del acta de la vista de la comparecencia consta que los apelantes presentaron prueba e informaron por medio de su abogado. El acta termina así:

"Para el caso de que la Corte resuelva que procede la administración, el abogado de los opositores propone para el cargo de administrador a los herederos Joaquín Jiménez Cruz, Josefa Jiménez

Cruz, y a Eladia Jiménez Cruz, y el abogado del peticionario propone a Antonio A. Roig y a Domingo Matanzo.''

No existe tampoco el segundo error. Basta leer la resolución recurrida para concluir que la corte se limitó a decretar la administración judicial y a fijar un día para que las partes sometieran los nombres de tres personas, para proceder a elegir el administrador.

Después que se nombra el administrador y que el administrador entra en posesión de su cargo, es que se forma el inventario de los bienes de acuerdo con la ley de procedimientos legales especiales. La resolución apelada nada resolvió sobre la naturaleza de los bienes en este caso. El hecho de que en la petición sobre nombramiento se consignara que la finada había dejado como bienes sujetos a partición las fincas Tendal y Piñal Marién, no tiene importancia. Ya fueran bienes privativos de la finada dichas fincas, ya gananciales, muerto antes el esposo e indivisa aún su herencia, las fincas pertenecían en su totalidad a los herederos y eran bienes sujetos a administración con las reservas que pudieran imponer las circunstancias concurrentes.

Con respecto al tercer error diremos que el hecho de que existiera una apelación pendiente ante el Tribunal Supremo en la que la controversia versaba sobre si el título de las fincas Tendal y Piñal Marién pertenecía a la sociedad de gananciales que la finada formó con su esposo o a la finada exclusivamente, no impedía que se decretara la administración. Fallecidos los esposos, todos los bienes correspondían a sus herederos, como ya hemos indicado. Mientras la división se practicaba y cada cual recibía individualmente lo suyo, alguien tenía que administrar y para esos casos está la ley en que basó su solicitud el peticionario.—Artículo 23 de la Ley sobre Procedimientos Legales Especiales de 1905, Comp. de 1911, página 327. La existencia de la comunidad formada por una parte de los herederos invocada en la moción sobre nulidad y luego probada ampliamente en la com-

parecencia, no podía obligar al heredero forzoso que en ella no intervino, el peticionario.

Debe declararse sin lugar el recurso interpuesto y *confirmarse la orden apelada.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE JUNIO 25, 1924.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la reconsideración de la sentencia dictada en este caso por esta corte en mayo 29, 1924, por los siguientes fundamentos:

"A. Que la sentencia de este Hon. Tribunal exime al comunero peticionario Manuel Jiménez y Jiménez de los efectos y consecuencias de la administración privada de los bienes que habían acordado legalmente los otros comuneros opositores, bajo la consideración errónea de que él no intervino en esa administración.

"B. Que la misma sentencia levanta, sin embargo, el conflicto de dejar subsistente dos administraciones sobre los mismos bienes.

"C. Que sostenida la administración judicial, ha de comprender bienes que no estaban en la posesión material de Eladia Cruz y Jiménez al fallecimiento de ésta; y que esa administración es, además, innecesaria."

Hemos estudiado de nuevo las cuestiones envueltas en el recurso a la luz de las manifestaciones de la parte apelante contenidas en su escrito de reconsideración y a nuestro juicio ésta no cabe, pero sí es conveniente aclarar que nuestra sentencia de 29 de mayo y la opinión emitida para fundamentarla no tienen más alcance que resolver en sentido afirmativo que cabía el nombramiento de administrador judicial a la muerte de doña Eladia Cruz viuda de Jiménez pero que en manera alguna prejuzga la validez o no validez de la comunidad constituida en vida de doña Eladia para administrar la herencia indivisa de su esposo, ni los actos posteriores a la muerte de doña Eladia realizados por dicha comunidad.

Parece que ha llegado el momento en que deponiendo rencores y prejuicios todos estos condueños se dividan sus bienes cada uno cediendo algo en beneficio de la armonía, porque de seguir como hasta ahora se consumirán dichos bienes en gastos judiciales y continuarán siendo motivo de separación y encono en vez de fuente de bienestar.

*Denegado.*