MARÍA PLANELLAS, asistida y con el concurso de su esposo MAURICIO VERDEJO, peticionaria y apelante, *v.* MARÍA TULA PASTRANA VIUDA DE PLANELLAS y su hijo adoptivo ISMAEL PLANELLAS PASTRANA, opositores y apelados.

Núm. 8713.—*Sometido:* Febrero 8, 1944. *Resuelto:* Marzo 24, 1944.

*Samuel R. Quiñones,* abogado de la apelante; *R. Cuevas Zequeira,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

María Planellas radicó una solicitud ante la Corte de Distrito de San Juan, en la que alegó: que es hija natural reconocida de Manuel Planellas Muñoz, por virtud de sentencia dictada por esta Corte Suprema en julio 29, 1941 (59 D.P.R. 372) y como tal heredera del mismo en la porción que determina la ley; que Planellas falleció en San Juan en febrero 19 de 1929, estando casado con María Tula Pastrana, sin haber otorgado testamento de clase alguna; y que las únicas personas, además de la peticionaria, que pudieran tener algún derecho en los bienes de la herencia, que se estima tienen un valor de $40,000, son la viuda y un alegado hijo adoptivo nombrado Ismael Planellas. La solicitante

suplicó que se declarase la administración judicial de los bienes y que se le nombrase administradora, previa prestación de fianza.

Comparecieron la viuda y el hijo adoptivo de Planellas, y en oposición a la solicitud de administración judicial alegaron: que en agosto 2 de 1920, Manuel Planellas y su esposa Tula Pastrana adoptaron como hijo a Ismael Planellas; que en julio 13, 1929 la Corte de Distrito de San Juan declaró a ambos comparecientes únicos y universales herederos de Manuel Planellas; que en agosto 8 de 1929 los comparecientes, como tales herederos, efectuaron la liquidación y participación de los bienes, los que fueron inscritos a su favor; que los comparecientes han estado en la posesión quieta y pacífica de dichos bienes desde el fallecimiento del causante hasta el día 13 de marzo de 1942 en que la peticionaria radicó su demanda sobre nulidad de la declaratoria de herederos, estando dicho pleito pendiente de la resolución de excepciones previas; que la peticionaria no ha demostrado tener derecho al remedio solicitado y que la solicitud presentada no aduce hechos suficientes para determinar una causa de acción.

En marzo 2 de 1943, la corte de distrito dictó su resolución declarando sin lugar la solicitud por entender que no existen bienes sobre los cuales pueda decretarse la administración judicial y que si ésta se decretase resultaría académica, y además, porque la peticionaria tiene un remedio legal adecuado dentro de la acción que ha establecido y en la que solicita la nulidad de la declaratoria de herederos. No estando conforme con dicha resolución, la peticionaria interpuso el presente recurso. Y para sostenerlo alega que la corte inferior erró al no tomar en consideración que los hechos de la solicitud fueron admitidos por los opositores y que éstos no ofrecieron prueba alguna para sustanciar sus alegaciones; y al declarar sin lugar la solicitud por los motivos expuestos en la resolución recurrida.

■ Convenimos con la apelante en que la solicitud. de administración judicial por ella radicada contiene todas las alegaciones requeridas por el artículo 556 del Código de Enjuiciamiento Civil; y que esos hechos, al no ser controvertidos, bastarían por sí solos para justificar el nombramiento de un administrador judicial. Los opositores apelados admitieron que Manuel Planellas falleció en 1929 sin haber otorgado testamento; que la peticionaria fué declarada hija natural reconocida del finado Planellas, por sentencia de esta Corte Suprema; y que Planellas dejó bienes sujetos a partición, los cuales están en poder de los opositores por haber sido éstos declarados herederos del finado.

■■ Los hechos en *Martínez* v. *Crosas, Juez,* 26 D.P.R. 224, y en *Martínez et al.* v. *Martínez,* 26 D.P.R. 157, citados por la parte apelante, son casi idénticos a los del presente caso. Don Víctor Martínez falleció en 1912 dejando bienes sujetos a partición, los cuales se encontraban en poder de Víctor P. Martínez, heredero legítimo del causante. Algunos años más tarde, Pedro Angel y Laura María Méndez fueron declarados por sentencia hijos naturales reconocidos de don Víctor con derecho a heredar en unión del hijo legítimo. Solicitada la administración judicial, se opuso el hijo legítimo. La corte de distrito la decretó ordenando que se diera posesión de los bienes al administrador. Esta Corte Suprema sostuvo la validez del nombramiento, por entender que "los bienes que pueden ser ocupados por la administración judicial de una testamentaría son aquéllos que se hallaban en poder del causante al tiempo de su muerte".

Por la sentencia dictada por esta Corte Suprema en *Planellas* v. *Sucesión Planellas,* 59 D.P.R. 372, se declaró que María Planellas Díaz es hija natural reconocida de Manuel Planellas Muñoz, y se ordenó la inscripción del reconocimiento en el Registro Civil correspondiente. Ese reconocimiento es legalmente suficiente para conferir a María Planellas el *status* de presunta heredera de su padre Ma-

nuel Planellas, con derecho como tal heredera a solicitar la administración judicial de los bienes relictos al fallecimiento de su padre. La declaratoria de hija natural reconocida a favor de María Planellas debe retrotraerse a la fecha del fallecimiento de su padre natural. *Antongiorgi* v. *Antongiorgi*, 28 D.P.R. 869, 878.

█ ¿Estaba obligada María Planellas a recurir a un pleito ordinario para reclamar los bienes que puedan corresponderle como heredera de su padre? La pregunta fué contestada en la negativa en *Martínez et al.* v. *Martínez*, supra, diciendo:

"Pasando ahora a los méritos de la apelación, el hecho de que un hijo legítimo esté en posesión de los bienes e impugne todos los pasos dados por otros herederos para el nombramiento de un administrador judicial, no hace necesario que los otros herederos recurran a un pleito ordinario. La posesión de los bienes y otras cosas análogas, podrán ser quizás cuestiones a resolver entre el administrador judicial y el heredero que tiene la posesión, pero el hecho de que un heredero esté en posesión de los bienes, y niegue los derechos de los otros herederos, es justamente un caso propio para el nombramiento de un administrador judicial sujeto al control de la corte."

La doctrina sentada en *Martínez et al.* v. *Martínez*, supra, fué aplicada nuevamente en *Pérez et al.* v. *Alvarez*, 32 D. P.R. 157, en donde se sostuvo, copiando del sumario, que "cuando la viuda que resiste la administración judicial bajo el fundamento de que los bienes relictos le pertenecen exclusivamente por haberlos adquirido, parte por herencia y el resto por compra con peculio propio estando casada con el causante, no prueba esta última circunstancia aunque pruebe la adquisición de parte a título de herencia, procede decretar la administración judicial solicitada por herederos capacitados para pedirla."

En el caso de autos los opositores apelados han admitido la condición de hija natural reconocida que tiene la peticionaria y como tal su derecho a reclamar lo que pueda corresponderle en la herencia de su difunto padre. Han admitido

igualmente que el difunto Planellas dejó bienes muebles e inmuebles sujetos a partición y que esos bienes se encuentran ahora en poder de los opositores por virtud de una liquidación, partición y adjudicación practicada por ellos, sin la intervención de la peticionara.

El objeto del nombramiento de un administrador de los bienes de un finado es incautarse de esos bienes y conservarlos y defenderlos para que puedan ser distribuídos más tarde entre las personas que puedan tener derecho a recibirlos como herederos del causante.

Habiendo dejado Planellas bienes sujetos a partición, los que se encuentran en poder de los opositores; reconocido el derecho de la peticionaria a reclamar el todo o parte de dichos bienes como heredera de su padre; y existiendo un conflicto de intereses entre la citada heredera peticionaria y los opositores, conflicto que deberá ser dirimido en el pleito incoado por la peticionaria contra los opositores, en el que se solicita una declaración de nulidad de la declaratoria de herederos hecha a favor de la viuda e hijo adoptivo del causante, opinamos y así lo resolvemos, que la corte inferior erró al declarar sin lugar la solicitud radicada por la peticionaria apelante para el nombramiento de un administrador judicial. El hecho de que la peticionaria haya iniciado una acción plenaria, para que dentro de ella se adjudiquen los derechos que cada una de las partes pueda tener para reclamar la herencia de Manuel Planellas, no es óbice para el nombramiento de un administrador judicial de los bienes envueltos en la controversia, quien tendrá el deber de conservarlos y defenderlos, bajo el control de la Corte, para entregarlos en definitiva a aquel o aquellos que demuestren su derecho a heredarlos dentro de la acción plenaria ya incoada. Véanse *Cabanillas* v. *Torrents*, 32 D.P.R. 42, 45 y *Jiménez* v. *Cruz*, 33 D.P.R. 228.

*Por las razones expuestas procede revocar la resolución recurrida y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*