# 98 DTA 191

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V DE PONCE Y AIBONITO

LAURA MARGARITA MEDINA COLON TAMBIEN CONOCIDA COMO MARGARITA MEDINA COLON, EN REPRESENTACION DE SUS HIJOS MENORES DE EDAD LAURA LINNETTE AVILES MEDINA Y ROBERTO AVILES MEDINA
Peticionarios-Recurridos

**v.**

## EX PARTE LUDIAN SANTIAGO FRANCESCHI
Interventora-Recurrente

Núm. KLCE-98-00552

San Juan, Puerto Rico, a 4 de agosto de 1998

Panel integrado por su Presidente, el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Ludian Santiago Franceschi, en adelante la recurrente, nos solicita la revocación de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se declaró no ha lugar su "*Moción para que se Deje sin Efecto Resolución y Orden Enmendada y se Ordene la Devolución de Bienes Embargados*". Por los fundamentos que expondremos a continuación, expedimos el auto solicitado y revocamos la resolución recurrida. Veamos los hechos pertinentes.

El 23 de enero de 1998, Laura Margarita Medina Colón, también conocida como Margarita Medina Colón, en lo sucesivo Medina, en representación de sus hijos menores de edad, Laura Linnette Avilés Medina y Roberto Avilés Medina, presentó una petición jurada ante el Tribunal de Primera Instancia, sin notificar a la recurrente. Medina sostuvo que estuvo casada con Roberto Avilés Avilés desde el 1978 hasta el 1995; que durante dicha unión tuvieron los dos hijos mencionados anteriormente; que luego de la ruptura matrimonial su ex-esposo vivió consensualmente con la recurrente y falleció el 18 de enero de 1998. Medina solicitó al Tribunal recurrido que emitiera una orden designándola administradora judicial interina de los bienes muebles pertenecientes a su difunto ex-marido que se encontraban en la casa en que vivía la recurrente. Luego de enumerar los bienes, se circunscribió a

señalar que "*[l]os herederos interesan tomar posesión de estos bienes muebles de inmediato y la Sra. Ludián [sic] Santiago les ha negado acceso a ellos. También los herederos tienen interés en conservar como recuerdo otros artículos personales del Sr. Avilés tales como retratos, ropa, identificación y otros efectos personales.*" Solicitó que dicho Foro ordenara al alguacil que se presentara "*...a la residencia de la señora Ludián Santiago y que se incaute de los bienes pertenecientes al fenecido Roberto Avilés Avilés para proteger la integridad del caudal*".

El 3 de febrero de 1998 el Tribunal recurrido dictó una Resolución y Orden sin notificarle a la recurrente, en la cual nombró a Medina administradora judicial interina de los bienes muebles de su difunto ex-esposo. Además, le ordenó al alguacil que ocupara los siguientes bienes del difunto que se encontraban en la casa de la recurrente:

Mazda Pick-Up 2500, un Toyota S-R5 Ford Runner, 6 caballos, equipo relacionado con el cuido y montaje de caballos, un remolque, una bicicleta para hacer ejercicios, un juego de cuarto, una caja de herramientas, un beeper, un reloj, retratos, ropa, identificación y otros efectos personales del causante.

El 11 de febrero de 1998 el Tribunal de Primera Instancia dictó una Resolución y Orden Enmendada, sin tampoco notificar a la recurrente, a los únicos efectos de ordenar al alguacil del tribunal que se presentara de día o de noche a la casa de la recurrente para proceder a la incautación de los bienes aludidos. Diligenciada esta orden el 4 de marzo de 1998, la recurrente presentó una *"Moción para que se Deje sin Efecto Resolución y Orden Enmendada y se Ordene la Devolución de Bienes Embargados"*. Alegó que los bienes embargados estaban en su posesión y dominio y que no procedía el embargo de los bienes sin antes celebrar una vista. Además, argumentó que la Mazda Pick-Up, tres caballos, llamados Lady, Bronco y Agueybaná, y un juego de cuarto le pertenecían. Finalmente, la recurrente solicitó que el Tribunal dejara sin efecto la Resolución y Orden Enmendada y en su lugar se emitiera una orden para que se procediera a la devolución de los bienes.

El Foro recurrido declaró no ha lugar la referida moción mediante Resolución de 23 de marzo de 1998. Dispuso que su dictamen estaba basado en los Artículos 556 y 563 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2361 y 2368 y no en la Regla 56 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, por lo que "*...su orden no concede derecho o titularidad alguna sobre los bienes en cuestión. Solamente provee la posesión provisional sobre unos bienes muebles. No se trata ni aun de un embargo, sino de una administración provisional en que en algunos bienes podría haber co-titularidad*".

Oportunamente la recurrente solicitó la reconsideración de esa determinación, siendo denegada la misma. Inconforme, la recurrente presentó este recurso de *certiorari* imputándole al Tribunal recurrido haber errado al:

"A... *dictar un embargo de bienes en poder de la [recurrente] en procedimiento Ex Parte sin citarle, ni oírle.*

B... *no dejar sin efecto la Orden de Embargo y Ordenar la Devolución de los bienes embargados a la [recurrente].*

C... *no proteger los derechos de la dueña y poseedora de los bienes embargados...*".

Por estar íntimamente relacionados discutiremos en conjunto estos tres señalamientos de error.

## II
La recurrente sostiene básicamente que no procedía el embargo de los bienes que estaban bajo su posesión y dominio sin antes celebrarse una vista. Por el contrario, Medina alega que en el caso de autos no se ha trabado un embargo, sino que se "*...ha tomado una medida cautelar y preventiva en virtud de un procedimiento legal especial por personas legítimas para ello*". Además, argumenta que en cuanto a los bienes sobre los cuales la recurrente reclama titularidad, unos pertenecían al difunto y otros a la Sociedad Legal de Gananciales compuesta por ella y su fenecido ex-esposo.

Es menester que desliguemos dos asuntos importantes dispuestos por el Foro recurrido en el pleito

ante nuestra consideración. Primero, la designación de Medina como administradora judicial interna en las circunstancias alegadas en esa petición y sin la correspondiente prestación de una fianza. Segundo, la orden dirigida al alguacil para que se presentara a la residencia de la recurrente para ocupar los bienes del difunto que se describían en la misma, sin la celebración de una vista previa. Veamos el derecho aplicable.

El Artículo 556 del Código de Enjuiciamiento Civil, *supra*, dispone, en lo pertinente, lo siguiente:

*"El albacea testamentario de la última voluntad de un finado, y en caso de que no lo hubiere nombrado o no dejare testamento con validez legal el cónyuge de la persona finada, o cualquier heredero forzoso, o persona que se presente como heredero testamentario, o legatario, o cualquier acreedor con título escrito no asegurado que tuviere algún crédito contra la persona finada, podrá, mediante una petición debidamente justificada en que se demuestren los hechos necesarios, solicitar la administración judicial de los bienes de dicha persona finada."*

El Artículo 563 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2368, estatuye que:

*"[s]i no hubiere albacea testamentario, podrá el juez mientras se nombre administrador permanente designar uno interino, bajo la necesaria fianza, para que se haga cargo de los bienes y efectos del finado.*

*En todo caso en que cualquiera de las personas a que se refiere la sec. 2361 de este título que pueden solicitar la autorización [administración] judicial ponga en conocimiento del juez que existen bienes o semovientes susceptibles de ser sustraidos u ocultados, el juez dictará una orden para que el alguacil proceda a ocuparlos inmediatamente, practicando inventario y depositándolos en poder de la persona abonada, que puede ser uno de los herederos, en el ínterin se hace por el juez el nombramiento de un administrador con la consiguiente fianza."*

El Tribunal recurrido en su Resolución y Orden Enmendada nombró a Medina como administradora judicial interina de los bienes de su difunto esposo, sin requerirle y fijarle la prestación de una fianza. A esos efectos el Profesor González Tejera, considera que es una obligación del administrador, ya interino o permanente, de *"prestar fianza para responder de su gestión a todos los interesados"*. El Tribunal debe exigir la prestación de la referida fianza como condición previa a concederle la posesión de los bienes del caudal hereditario. ▪ Como hemos visto, la disposición legal antes transcrita exige que al nombrarse un administrador judicial interino el juez le fije el monto de una fianza a éste para beneficio de los herederos y para responderles de sus actos de administración. Erró el Foro recurrido al obviar el lenguaje de la misma.

La situación es más grave aún. La solicitud jurada presentada por Medina no incluye circunstancia alguna que permita inferir que existían bienes o semovientes susceptibles de ser sustraídos u ocultados, según lo requiere el Artículo 563 del Código de Enjuiciamiento Civil, *supra*. También, en ningún documento presentado a ese Foro o en dicha petición se hace alegación alguna a esos efectos, excepto que en esta última se expresa que la recurrente le había negado acceso a los bienes muebles a Medina. En consecuencia la Resolución y Orden dictada por el Foro recurrido adolecía de defectos que afectaban su validez, lo que impedía ser efectuada.

### III

Por otro lado, en la orden dirigida al alguacil del tribunal se le requiere a éste que ocupe inmediatamente los bienes del difunto descritos en la misma. A pesar de que tanto el Foro recurrido como Medina insisten en que esa orden está basada en los Artículos 556 y 563 del Código de Enjuiciamiento Civil, *supra*, y no en la Regla 56 de las de Procedimiento Civil, *supra*, relativa a los remedios provisionales, ciertamente la misma tiene idénticos efectos prácticos como si se tratase de una orden de embargo. La recurrente ha sostenido que es la titular de tres de los bienes muebles discutidos en la orden, a saber: la Mazda PickUp, tres caballos y un juego de cuarto y que se le privó de su posesión sin notificación alguna ni oportunidad de ser oída, afectándose así su derecho propietario.

Dadas las consecuencias prácticas de la orden expedida, aunque la misma no hubiera adolecido de

esos defectos, como la ausencia de la fijación de una fianza que impidiera su ejercicio, entendemos que era necesaria la celebración de una vista antes de proceder al embargo, incautación u ocupación de los bienes, salvo circunstancias excepcionales acreditadas debidamente en cuyo caso habría que señalar la audiencia para la fecha más próxima en la misma orden. A fin de cuentas la denominación de bajo qué precepto legal se solicita la incautación de unos bienes como remedio provisional por una persona que no acredita ser su exclusivo propietario es inmaterial, lo realmente importante son sus efectos.

Sobre este particular, nuestro más alto Foro, en referencia a la Reglas 56.2, 56.3 y 56.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, en *Rivera Rodríguez & Co. v. Stowell Taylor,* **93 J.T.S. 111,** expresó lo siguiente:

*"...las transcritas disposiciones reglamentarias establecen, como norma general, que en todo caso en que se solicite algún remedio provisional se deberá notificar a la parte adversa y celebrar una vista previa, Regla 56.2, y se debe exigir la prestación de fianza, Regla 56.3. Este requisito es igualmente aplicable a los embargos, como remedio provisional para aseguramiento de la efectividad de la sentencia. Por excepción, la Regla 56.4 permite que el tribunal expida una orden de embargo ex-parte, esto es, sin notificación y vista previa- siempre que el reclamante preste una fianza suficiente para responder por todos los daños y perjuicios que se pueden causar como consecuencia del aseguramiento, Regla 56.4. Por otro lado, sólo se podrá conceder un embargo u otro remedio provisional sin la prestación de fianza cuando (1) apareciere en documentos públicos o privados que la obligación es legalmente exigible, ó (2) se tratare de un litigante insolvente, que la demanda adujere hechos suficientes de una causa de acción y hubiera motivos fundados previa vista, de que si no se concede el remedio la sentencia sería académica, ó (3) se solicitare el remedio después de la sentencia".* Regla 56.3.

Aplicando por analogía dichos principios a la situación del pleito de marras, encontramos que Medina no prestó una fianza para responder por los posibles daños y perjuicios que pudiera causarle a la recurrente como consecuencia del embargo ni acreditó las circunstancias dispuestas en la Regla 56.3 de las de Procedimiento Civil, *supra,* eximentes de la obligación de prestar fianza. Como *"...la prestación de fianza es la llave maestra que excusa al demandante de la previa notificación y vista al embargar un bien del demandado",* ■ entonces en el caso de marras procedía que se celebrara una vista previa antes de efectuarse la encautación de los bienes en ausencia de circunstancias que lo justificaran y que se le notificara previamente a la recurrente.

En conclusión, la actuación del Tribunal de Primera Instancia, que para todo efecto práctico se trata de una orden de embargo, sin notificar adecuadamente a la recurrente ni tener justificación alguna para no celebrar una vista, constituye una clara violación al debido proceso de ley que le ampara a ésta. ■ En atención a lo antes mencionado tanto la orden como la encautación de los bienes practicados son nulos y no pueden prevalecer. Al así hacerlo, los errores señalados fueron cometidos por el Tribunal recurrido.

**IV**

En consideración a lo anteriormente expresado se revoca la resolución recurrida y se le ordena al Foro de instancia que dentro de los próximos cinco (5) días, contados a partir de la notificación de esta Sentencia, celebre una vista para considerar la moción en solicitud de que se nombre un administrador judicial que dio lugar a ese dictamen y devuelva los bienes embargados a la recurrente, pudiendo considerar cualquier otra moción pertinente que las partes pudieren presentar y que no sean inconsistentes con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 98 DTA 191**

1. González Tejera, Efraín. *Derecho Sucesorio Puertorriqueño,* Vol. I, 1983, a la página 204. Véase, además,

*Martínez v. Crossas*, 26 D.P.R. 224 (1918); *Somohano v. Matanzo*, 41 D.P.R. 277 (1930).

**2.** *Rivera Rodríguez v. Stowell Taylor, supra.*

**3.** Véase, *Feliciano Figueroa v. Toste Piñeiro*, **93 J.T.S. 161**, en donde se reconoce que tanto a nivel local como federal, en todo procedimiento adversativo el debido proceso de ley debe satisfacer los siguientes requisitos: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; 5) tener asistencia de abogado y 6) que la decisión se base en el récord.