Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL XI-ESPECIAL

| KHETAM ODEH<br><br>EX PARTE<br><br>Peticionaria | KLCE202301094 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV03421<br><br>Sobre: Nombramiento de Administrador de los Bienes del Finado (Causante) |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

El 3 de octubre de 2023, compareció ante este Tribunal de Apelaciones, Khetam Odeh, Anuar Sammy Odeh, Manal Sammy Odeh, Nura Sammy Odeh, Mostafa Sammy Odeh, Akram e Ibrahim Odeh (en adelante, parte peticionaria), mediante recurso de *Certiorari*. En el aludido recurso, la parte peticionaria recurre de la *Minuta Resolución* dictada respecto a la vista celebrada el 22 de agosto de 2023, notificada el 31 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro *a quo* reiteró el nombramiento del licenciado Jorge M. Azize como Administrador Judicial del caudal del señor Sammy Odeh Abdul Jawad t/c/p Sammy Odeh, t/c/p Sammy Odeh y como Sami Abdul Jawad (en adelante, señor Sammy Odeh o causante).

Número Identificador

SEN2023 _____

Por los fundamentos que expondremos a continuación, se expide el recurso de certiorari, se modifica el dictamen recurrido y, así modificado, se confirma.

**I**

Habida cuenta de que se han presentado varios recursos respecto a la controversia que nos ocupa[1], en adelante, reseñaremos los hechos e incidencias procesales del caso, particularmente, aquellos que son pertinentes a la controversia que nos ocupa.

Los hechos que suscitaron la controversia ante nuestra consideración, se retrotraen al 12 de octubre de 2022, cuando la parte peticionaria presentó una *Petición* sobre nombramiento de administrador judicial, mediante procedimiento *Ex Parte*. Ello, con el propósito de que, el Tribunal de Primera Instancia designara a la señora Khetam Odeh como administradora judicial del caudal hereditario del señor Sammy Odeh. Conforme surge de la aludida petición, la señora Khetam Odeh era la cónyuge supérstite del señor Sammy Odeh, con quien procreó siete (7) hijos, a saber: Ibrahim Sammy Odeh; Akram Sammy Odeh; Manal Sammy Odeh; Mustafa Sammy Odeh; Anuar Sammy Odeh; Nura Sammy Odeh, y Awadallah Sammy Odeh.

La parte peticionaria, alegó que, el señor Sammy Odeh había dejado un caudal hereditario en Puerto Rico y en el extranjero, el cual incluía bienes inmuebles, efectivo, acciones y unidades de membresía. En vista de ello, alegó haber acordado la designación de la señora Khetam Odeh como administradora de los bienes y el caudal del señor Sammy Odeh.[2] Aclaró, sin embargo, que uno de los herederos, a saber, el señor Awadallah Sammy Odeh (en adelante,

---

[1] Véase, KLCE202300451; KLCE202300496 y KLCE202300738.
[2] El acuerdo se hizo constar mediante declaraciones juradas de seis (6) de los siete (7) hijos, las cuales fueron anejadas a la *Petición*. Véase, apéndice del recurso de *Certiorari*, págs. 27-35.

señor Awadallah Sammy Odeh o interventor), no había prestado su consentimiento para dicho acuerdo. Es decir, estaba en desacuerdo.

Mediante *Orden*, emitida el 19 de octubre de 2022 y notificada el 28 de octubre de 2022, el Tribunal de Primera Instancia señaló vista para el 29 de noviembre de 2022.

Posteriormente, el 22 de noviembre de 2022, el señor Awadallah Sammy Odeh, presentó *Urgente Moción Informando Solicitud de Consolidación y Solicitud de Paralización de Vista*. Por medio de esta, solicitó la consolidación del caso, con el caso CG2022CV03286, que según este, se encontraba pendiente en otra sala. A tales efectos, solicitó la paralización de los procedimientos del caso, hasta tanto se resolviera la solicitud de consolidación.

Al día siguiente, el 23 de noviembre de 2022, la parte peticionaria presentó *Moción en Oposición a Solicitud de Paralización de los Procedimientos y de Alegada Consolidación*. En esencia, sostuvo que, no procedía la consolidación de los casos, debido a que el caso CG2022CV03286 era de carácter contencioso. Asimismo, adujo que, conforme al Artículo 1745 del Código Civil de 2020[3], en la designación del administrador de la herencia, el tribunal debía considerar entre otros factores, el orden de prelación, siendo el cónyuge supérstite el primero en la lista. Por lo anterior, le solicitó al foro de instancia que declarara No Ha Lugar la solicitud del señor Awadallah Sammy Odeh.

El señor Awadallah Sammy Odeh, presentó *Urgente Réplica*, el 28 de noviembre de 2022, donde reiteró lo planteado en su solicitud de consolidación. El foro primario, mediante *Orden* emitida y notificada el 28 de noviembre de 2022, determinó lo siguiente: "Enterado, el tr[á]mite judicial contin[ú]a".[4]

---

[3] 31 LPRA Sec. 11524.
[4] Entrada número 14, del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Así las cosas, el 9 de diciembre de 2022, el señor Awadallah Sammy Odeh compareció, como parte interventora, por medio de *Oposición a Nombramiento de Administrador Judicial*. A través de esta, se opuso al nombramiento de la señora Khetam Odeh como administradora judicial, y solicitó que se nombrara a una persona que no estuviera relacionada a la familia de forma alguna. Expresó que, la señora Khetam Odeh nunca estuvo a cargo o al tanto de los asuntos del caudal, y que era el señor Ibrahim Odeh quien controlaba todo lo relacionado a las finanzas de la familia, así como del caudal del señor Sammy Odeh. El Tribunal se dio por enterado, el 13 de diciembre de 2022.[5]

Por su parte, la parte peticionaria presentó *Réplica a Oposición a Nombramiento de Administrador Judicial*, el 19 de diciembre de 2022. Alegó que, la señora Khetam Odeh cumplía con todos los requisitos exigidos por el ordenamiento jurídico para fungir como administradora judicial del caudal del causante. Sostuvo que, esta última había sido la administradora de facto del aludido caudal, desde el fallecimiento del señor Sammy Odeh. Añadió que, su función había sido responsable y satisfactoria para los demás herederos.

El señor Awadallah Sammy Odeh presentó *Dúplica a Réplica a Oposición a Nombramiento de Administrador Judicial*, el 20 de diciembre de 2022.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el Tribunal de Primera Instancia celebró una vista argumentativa el 10 de enero de 2023, con el propósito de evaluar la capacidad de la señora Khetam Odeh para desempeñar el cargo de administradora de los bienes y del caudal del señor Sammy Odeh. En la aludida vista, desfilaron los testimonios de la señora Khetam

---

[5] Entrada número 18 del expediente electrónico en SUMAC.

Odeh, del señor Akram Odeh y del señor Awadallah Sammy Odeh. Las partes sometieron el caso.

El 28 de febrero de 2023, el foro primario emitió una *Resolución*, en la que, a grandes rasgos, concluyó que la señora Khetam Odeh no estaba capacitada para manejar el caudal del causante. Consecuentemente, la primera instancia judicial declaró No Ha Lugar la *Petición* de nombramiento de administrador judicial. Seguido de ello, ordenó a las partes que, en el periodo de siete (7) días perentorios, sometieran tres (3) nombres en conjunto, para la asignación del administrador judicial. Además, les apercibió que, el incumplimiento de la orden conllevaría la designación del administrador judicial, por el Tribunal, como correspondiese en derecho.

En atención a lo ordenado, el 7 de marzo de 2023, la parte peticionaria incoó *Moción en Cumplimiento de Orden*. Mediante esta, sugirió como candidatos al señor Akram Sammy Odeh y a la señora Nura Sammy Odeh. En su moción, la parte informó que, a los fines de llegar a un acuerdo para someter los candidatos, intentaron comunicarse con la representación legal del señor Awadallah Sammy Odeh, pero tal intento resultó infructuoso.

Al siguiente día, el 8 de marzo de 2023, el señor Awadallah Sammy Odeh, presentó la *Moción en Cumplimiento de Orden*. Por medio de esta, reiteró que la persona que ejercería las funciones de administrador judicial debía ser "un profesional imparcial[,] independiente de la familia y sus abogados".[6] A esos fines, sugirió al licenciado Juan Lorenzo Martínez, CPA (en adelante, licenciado Martínez), para que ejerciera las funciones de administrador judicial del caudal del señor Sammy Odeh.

---

[6] Apéndice del recurso de *Certiorari*, pág. 86.

El 9 de marzo de 2023, la parte peticionaria instó *Réplica a la "Moción en Cumplimiento de Orden" de la Parte Interventora.* Insistió en que se designara como administrador judicial a una de las dos (2) personas sugeridas o, en la alternativa, que se señalara una vista evidenciara para evaluar la capacidad de ambos. El señor Awadallah Sammy Odeh instó *Dúplica* el 9 de marzo de 2023.

El 10 de marzo de 2023, el Tribunal de Primera Instancia emitió *Orden,* en la cual, les ordenó a las partes que en un término de cinco (5) días, sometieran conjuntamente tres (3) nombres alternos de candidatos a ocupar el puesto de administrador judicial. Además, les advirtió nuevamente que, de no cumplir con lo ordenado, el tribunal realizaría el nombramiento. En igual fecha, el foro primario le concedió a la parte peticionaria, tres (3) días perentorios para expresarse en torno a la *Moción en Cumplimiento de Orden* incoada por el interventor.

El 15 de marzo de 2023, la parte peticionaria dio cumplimiento a lo ordenado por el foro *a quo.* Por otro lado, el señor Awadallah Sammy Odeh incoó *Réplica,* en la cual reiteró su oposición al nombramiento de los dos (2) candidatos sugeridos por la parte peticionaria.

Transcurrido el término dispuesto, sin que las partes propusieran tres (3) candidatos en consenso, el foro recurrido emitió *Orden Sobre Designación de Administrador Judicial,* el 16 de marzo de 2023, notificada al día siguiente. En virtud de ésta, el tribunal *a quo* nombró al licenciado Jorge M. Azize, CPA (en adelante, licenciado Azize), como administrador judicial del caudal del señor Sammy Odeh. En adición, señaló una vista urgente para el 17 de abril de 2023, disponiendo expresamente que debían comparecer tanto las partes con sus representantes legales, así como el licenciado Azize.

Cabe destacar que, el mismo día en que se notificó la referida orden, 17 de marzo de 2023, la parte peticionaria instó *Moción en Cumplimiento de Orden*, en la cual reiteró su propuesta de que se designara como administrador judicial a Akram Sammy Odeh o, a Nura Sammy Odeh. Añadió que, por medio de comunicaciones con el representante legal del interventor, le informaron que el único candidato de consenso que podían recomendar era el licenciado Martínez. Sobre ello, el Tribunal dispuso como sigue: "Véase orden del Tribunal, señalando vista y ordenando el administrador judicial".[7]

En desacuerdo con lo dictaminado, el 31 de marzo de 2023, la parte peticionaria presentó *Moción de Reconsideración*, en la que le solicitó al foro de instancia que reconsiderara la *Orden Sobre Designación de Administrador Judicial*, puesto que esta había sido dictada antes de que vencieran los cinco (5) días perentorios concedidos a las partes por el Tribunal de Primera Instancia. De igual forma, argumentó sobre el orden de prelación respecto a las personas que pudiesen ser nombradas administradoras del caudal. Asimismo, reiteró su solicitud para que el foro primario considerara al señor Akram Sammy Odeh y a la señora Nura Sammy Odeh como posibles candidatos para ocupar el cargo de administrador judicial.

El 3 de abril de 2023, el foro *a quo* emitió una *Orden*, en la cual dispuso lo siguiente:

> El tribunal expresa que conforme al expediente judicial, se present[ó] la orden de acuerdo al t[é]rmino otorgado. No se cumplieron las [ó]rdenes del tribunal en el t[é]rmino concedido. El caso est[á] señalado y en la vista se podrán presentar los argumentos que entiendan el tribunal deba considerar, a pesar de los escritos radicados. Al día de hoy, no se ha cumplido con las [ó]rdenes del tribunal, por cuanto se mantiene la determinación del mismo en este momento.[8]

---

[7] Entrada número 61, del expediente electrónico en SUMAC.
[8] Apéndice del recurso de *Certiorari*, pág. 163.

El 4 de abril de 2023, el señor Awadallah Sammy Odeh presentó *Solicitud de Prórroga* para, entre otros, oponerse a la *Moción de Reconsideración*, mas, fue denegada ese mismo día. Por otro lado, la primera instancia judicial emitió *Orden*, donde relevó el señalamiento del 17 de abril de 2023 y señaló vista para el 27 de abril de 2023.

El 20 de abril de 2023, el señor Awadallah Sammy Odeh presentó *Oposición a Moción de Reconsideración*. El Tribunal se dio por enterado. Luego, el 21 de abril de 2023, la parte peticionaria presentó *Solicitud de Petición Enmendada*. Mediante esta, solicitó al foro primario que le permitiera enmendar la *Petición*, con el fin de sustituir a la señora Khetam Odeh, por su hijo, el señor Akram Sammy Odeh, para ejercer el cargo de administrador judicial. Además, solicitó que, señalara una vista evidenciaria para evaluar la capacidad del señor Akram Sammy Odeh. El mismo 21 de abril de 2023, el foro de instancia declaró No Ha Lugar la *Solicitud de Petición Enmendada*, fundamentándose en que el caso tenía determinación final.

Así las cosas, y tras varios trámites procesales[9], el 27 de abril de 2023, se llevó a cabo la vista pautada[10]. En lo pertinente, el Tribunal reiteró que la señora Khetam Odeh no podía ser la administradora de los bienes del causante. Además, reafirmó el nombramiento del licenciado Azize era como administrador judicial. De otro lado, dispuso de un término de diez (10) días para que los

---

[9] Entre dichos trámites, se encuentra la presentación de un recurso de *Certiorari*, acompañado de una *Moción en Auxilio de Jurisdicción*, el 25 de abril de 2023, por la parte peticionaria. El 26 de abril de 2023, esta Curia emitió *Resolución*, desestimando el recurso por falta de jurisdicción, por prematuro. Véase, KLCE202300451.

[10] Hacemos constar que, la minuta fue notificada sin la firma de la juzgadora. Ante ello, la parte peticionaria solicitó que la juzgadora de instancia firmara la misma. Tras la negativa del foro primario, la parte peticionaria acudió ante este foro apelativo el 5 de julio de 2023, mediante recurso de *certiorari*, con identificación alfanumérica KLCE2023200738. Mediante Sentencia emitida el 29 de agosto de 2023, expedimos el auto de *certiorari* y revocamos el dictamen de instancia. Consecuentemente, ordenamos a la juzgadora de primera instancia firmar y remitir a las partes, para su correspondiente notificación, la referida minuta. Consecuentemente, la minuta fue notificada el 13 de octubre de 2023.

abogados de las partes le presentaran al licenciado Azize las inquietudes que pudieran tener con respecto a su designación, así como un periodo de veinte (20) días al licenciado Azize para responder a los mismos. Finalmente, señaló una vista de seguimiento para el 22 de junio de 2023.

Tras otros varios trámites procesales, innecesarios pormenorizar para atender el asunto que nos ocupa, se celebró una vista el 22 de agosto de 2023. En lo pertinente, surge del expediente que, la representación legal de la parte peticionaria argumentó que no se había impuesto una cuantía de fianza para el licenciado Azize, a los fines de proteger los bienes del caudal. Sobre ello, el licenciado Azize señaló que "en ningún otro caso se le había exigido fianza", pero que acogería lo que el Tribunal determinara.[11] Tras escuchar los argumentos de las partes, el foro de instancia dispuso que no se le exigiría fianza al licenciado Azize en ese momento. Cabe destacar que, en la vista, el Tribunal ratificó la designación del licenciado Azize como administrador judicial.

El 27 de agosto de 2023, la parte peticionaria presentó *Moción en Solicitud de Reconsideración de Fianza, Cumplimiento de Orden y otros extremos*. Con relación al asunto de la fianza, arguyó que en la vista celebrada el 22 de agosto de 2023, había realizado una serie de argumentos, entre ellos, el "que no se había establecido una cuantía al [licenciado] Azize en concepto de fianza para ejercer sus funciones como Administrador Judicial."[12] No obstante, añadió que, el foro de instancia determinó que no le impondría el pago de fianza al licenciado Azize. Ante ello, solicitó que se notificara resolución sobre la determinación del pago de fianza, realizada en corte abierta, así como la reconsideración del relevo de fianza.

---

[11] Apéndice del recurso de *Certiorari,* pág. 4.
[12] *Íd.*, pág. 600.

El 28 de agosto de 2023, el Tribunal de Instancia declaró No Ha Lugar la reconsideración.[13] Inconforme, el 1ro de septiembre de 2023, la parte peticionaria presentó *Moción en Solicitud de Determinaciones sobre Peticiones presentadas en Moción fechada el 27 de agosto de 2023 y Moción en Solicitud de Determinaciones de Hechos y Conclusiones de Derecho sobre Moción de Reconsideración.* En esencia, sostuvo que en su escrito presentado el 27 de agosto de 2023, se presentaron varias solicitudes, mas, que era su contención que solo se había atendido la solicitud de reconsideración sobre la imposición de fianza. A esos efectos, solicitó, entre otros asuntos, que se emitieran determinaciones de hechos y conclusiones de derecho sobre la solicitud de reconsideración de imposición de fianza y, que se notificaran las minutas firmadas de las vistas celebradas el 27 de abril y el 22 de agosto, ambas del 2023.

En la misma fecha, el foro primario emitió *Orden de Moción,* disponiendo lo siguiente:

> Enterado, en cuanto a la minuta con la determinación de la designación del Lcdo. Azize como administrador judicial, el tribunal esperar[á] el mandato del Tribunal de Apelaciones para proceder conforme a derecho. El asunto de las sanciones por incumplir las [ó]rdenes del tribunal ser[á] resuelto en la vista del mes de octubre de 2023. En cuanto al asunto de la fianza solicitada para ser prestada por el Lcdo. Azize, el Tribunal procederá a la notificación de minuta. A base de la solicitud de reconsideración del relevo de prestación de fianza, la determinación del Tribunal a la solicitud es no ha lugar. En cuanto a los honorarios del Tribunal a la solicitud es no ha lugar. En cuanto a los honorarios del licenciado Azize, el Tribunal acogió la petición del [Lcdo.] Azize de $4,000. El Tribunal ordena a las partes expongan su posición, de tener reparo a la solicitud del Lcdo. Azize y que el Tribunal acept[ó]. Lo anterior debe cumplirse en el periodo de 13 días.[14]

Posteriormente, el 6 de septiembre de 2023, el foro *a quo* notificó la *Minuta Resolución* recurrida, de la vista celebrada el 22 de agosto de 2023 y transcrita el 31 de agosto de 2023.[15]

---

[13] *Íd.,* pág. 608.
[14] *Íd.,* pág. 662.
[15] Hacemos constar que la misma fue notificada inicialmente el 31 de agosto de 2023. Posteriormente, el 6 de septiembre de 2023, se notificó la *Minuta Resolución*

Una vez notificada la misma, e inconforme con lo resuelto, la parte peticionaria acudió ante este foro revisor mediante recurso de *Certiorari*, el 3 de octubre de 2023, y esboza los siguientes señalamientos de error:

> **Primero:** Erró el Honorable Tribunal de Primera Instancia al ordenar el nombramiento del Lcdo. Jorge Azize como administrador judicial, sin pasar juicio sobre los candidatos propuestos por la peticionaria, en un manifiesto abuso de discreción.

> **Segundo:** Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de imposición de fianza al administrador judicial en un manifiesto abuso de discreción.

El 5 de octubre de 2023, habiendo examinado el recurso de *Certiorari*, así como la *Moción en Solicitud de Autorización para Presentar Recurso de Certiorari en Exceso del Número de Páginas Reglamentarias* presentados por la parte peticionaria, autorizamos la presentación del recurso en exceso del número de páginas reglamentario. Asimismo, le ordenamos a la parte peticionaria que, en o antes del 10 de octubre de 2023, nos acreditara haber notificado copia del recurso de epígrafe al Tribunal de Primera Instancia, de conformidad con la Regla 33 (A)[16], y a la parte recurrida, de conformidad con la Regla 33 (B)[17] del Reglamento de este Tribunal de Apelaciones. Le apercibimos de que, el incumplimiento con lo ordenado, daría lugar a la desestimación del recurso. De otra parte, concedimos a la parte interventora hasta el lunes, 16 de octubre de 2023, para que se expresara en torno al recurso incoado. Le advertimos que, transcurrido el término dispuesto, el recurso se entendería perfeccionado para su adjudicación.

---

enmendada. La enmienda, fue a los fines de indicar que la misma constituía una Minuta Resolución y, para corregir errores de transcripción. Véase, apéndice del recurso de *Certiorari*, págs. 2-9.

[16] 4 LPRA Ap. XXII-B, R.33(A).

[17] *Íd.*, R.33(B).

En atención a lo ordenado, el 6 de octubre de 2023, compareció ante este foro revisor, la parte peticionaria mediante *Moción en Cumplimiento de Orden*, y nos acreditó haber notificado el recurso, por lo que, el 11 de octubre de 2023 dimos por cumplida nuestra orden en lo que a la notificación del recurso respecta.

Luego, el 10 de octubre de 2023, compareció ante nos el señor Awadallah Sammy Odeh, mediante *Solicitud de Orden*, a los fines de que le ordenáramos a la parte peticionaria que le notificara el Apéndice del recurso de *Certiorari*. En atención a lo peticionado, el 13 de octubre de 2023, ordenamos a la parte peticionaria notificarle a la parte interventora, con copia impresa del Apéndice del recurso, dentro del término de cinco (5) días, contados a partir de la notificación de la Resolución. A su vez, le concedimos a la parte interventora el término de diez (10) días, contados a partir de la notificación del referido Apéndice, para expresarse en torno al recurso de epígrafe. Le apercibimos que, transcurrido el término dispuesto, se tendría el recurso por perfeccionado para su adjudicación final.

Ese mismo día, compareció la parte recurrida mediante escrito intitulado *Retiro de Solicitud de Orden*, respecto a la cual, mediante Resolución del 18 de octubre de 2023, nos dimos por enterados.

El 19 de octubre de 2023, compareció la parte peticionaria mediante *Moción en Cumplimiento de Orden*. Mediante Resolución del 20 de octubre de 2023, relevamos a la parte peticionaria de enviarle copia impresa del apéndice al señor Awadallah Sammy Odeh. A su vez, le concedimos al interventor hasta el miércoles 25 de octubre de 2023, para expresarse en torno al recurso. Le apercibimos nuevamente que, transcurrido el término dispuesto, se tendría el recurso por perfeccionado para su adjudicación final.

El 20 de octubre de 2023, el interventor instó *Réplica a Moción Informativa*. Luego, el 24 de octubre de 2023, la parte peticionaria incoó Moción en Auxilio de Jurisdicción, la cual declaramos No Ha Lugar mediante *Resolución* emitida ese mismo día.

Así las cosas, el 25 de octubre de 2023, el interventor presentó *Solicitud de Desestimación y Oposición a la Expedición de Certiorari*.

Con el beneficio de la comparecencia de las partes, damos el recurso por perfeccionado, por lo que procedemos a esbozar el derecho que gobierna la controversia que nos atiene.

## II

### A. *El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de

discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Deferencia al Tribunal de Primera Instancia

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien –de ordinario– se encuentra en mejor posición para aquilatar la prueba testifical. *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 289 (2011); *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 356 (2009). Bajo este supuesto, los foros de primera instancia tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Pueblo v. Hernández Doble*, supra; *Santiago Ortiz v. Real Legacy et al.*, supra; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013).

No obstante, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos no debemos intervenir con las determinaciones ni las adjudicaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Hernández Doble*, supra; *Santiago Ortiz v. Real Legacy et al.*, supra; *Santiago Montañez v. Fresenius Medical*, 195 DPR 476, 490 (2016); *Dávila Nieves v. Meléndez Marín*, supra, pág. 753; *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909

(2012); *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, supra, pág. 356.

Como sabemos, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle Abello*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Es por lo que, nuestra más Alta Curia ha definido la *discreción* como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Rivera Gómez v. Arcos Dorados Puerto Rico*, Inc., 2023 TSPR 65, *Pueblo v. Rivera Montalvo*, supra, citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Citibank et al. v. ACBI et al.*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra; *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977). Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997); *Hietel v. PRTC*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra.

### C. La figura del Administrador Judicial

El administrador judicial es aquella persona designada para llevar a cabo todas las medidas necesarias tanto de conservación como de aumento, de ser posible, del patrimonio hereditario, hasta tanto el mismo pueda ser distribuido entre las personas con derecho a recibirlo.[18] Conforme al Código Civil de 2020, la designación del administrador judicial puede llevarse a cabo por el (1) albacea, (2) los legitimarios, (3) los herederos o legatarios o, (4) por el acreedor de la herencia con título escrito.[19] En adición, el Código Civil, *supra*, dispone de un orden de prelación, que el Tribunal debe tomar en cuenta al momento de llevar a cabo la designación del administrador judicial. Así pues, el tribunal deberá considerar el siguiente orden: (1) el cónyuge supérstite; (2) los herederos; (3) el albacea; (4) los parientes; (5) los acreedores y, (6) cualquier otra persona.

Ahora bien, dicho orden de prelación no opera restrictivamente. Tanto el Código Civil, *supra*, como el Código de Enjuiciamiento Civil[20], disponen que, en aquellos casos en que no haya acuerdo entre los llamados a suceder, o en que se objete el nombramiento de un administrador judicial, el Tribunal tiene discreción para llevar a cabo la designación. En lo específico, el Código Civil establece en su Artículo 1743 que, "los herederos pueden designar a un administrador de la herencia si el causante no lo ha designado. **A falta de acuerdo entre los herederos, lo designa el Tribunal**." (Énfasis nuestro).[21] Por su parte, el Código de Enjuiciamiento Civil dispone como sigue:

> El día y hora señalados en la citación y después de oír personalmente o por medio de sus abogados a las partes que hubieren comparecido nombrará el juez un administrador. Podrá nombrar al cónyuge sobreviviente o la persona con mayor interés en la herencia o sucesión, si tuviere la capacidad necesaria para

---

[18] 31 LPRA § 11521. Véase, también, *Planellas v. Patrana*, 63 DPR 285, 290 (1944).
[19] 31 LPRA § 11523; 32 LPRA § 2361; Véase, además, *Vilanova et al. v. Vilanova et al.,* 184 DPR 824, 844-845 (2012).
[20] 31 LPRA § 1 *et seq.*
[21] 31 LPRA § 11522.

desempeñar el cargo; y si no la tuviere, o si todos fueren igualmente interesados, o se **presentaren objeciones** a tal nombramiento, **designará el juez un extraño de reconocida honradez y capacidad**. (Énfasis nuestro).[22]

De modo que, en aquellas situaciones en las que los llamados a suceder no logren un consenso con respecto a la designación del administrador judicial, el Tribunal goza de **discreción** para llevar a cabo la misma.

### D. Fianza del Administrador Judicial

El nombramiento de administrador judicial exige el cumplimiento de varios criterios estatutarios, entre ellos, la prestación de una fianza. Dicha garantía se realiza únicamente en beneficio de los herederos y, para responder de los actos de administración.[23] Sobre ello, el Artículo 565 del Código de Enjuiciamiento Civil, establece lo siguiente:

> La persona nombrada prestará fianza en la cuantía que fijare el juez, **a no ser relevada de este requisito por los interesados mayores de edad y con capacidad para ello**, en cuyo caso la fianza será proporcionada al interés de los que, por ser menores o incapacitados, no pudieron suscribir la relevación. (Énfasis suplido.)[24]

Dicho de otro modo, el administrador judicial únicamente puede ser relevado del requisito de prestar fianza cuando los interesados, mayores de edad, así lo dispongan.[25]

Esbozada la normativa jurídica, procedemos a aplicarla a la controversia de epígrafe.

### III

En esencia, la parte peticionaria sostiene que, el foro primario incidió al nombrar al licenciado Azize como administrador judicial del caudal de Sammy Odeh. Alega que el nombramiento del licenciado Azize se realizó sin pasar juicio sobre los otros dos (2)

---

[22] 32 LPRA § 2369.
[23] *Somohano v. Matanzo,* 41 DPR 277, (1930), citando a *Martínez v. Crosas,* 26 DPR 224 (1918).
[24] 32 LPRA § 2370.
[25] Véase, *Ab intestato Balzac Velez*, 109 DPR 670, 682 (1980).

candidatos propuestos por ella. Por estar estrechamente relacionados, discutiremos los señalamientos de error en conjunto.

Conforme surge del tracto procesal antes reseñado, la parte peticionaria solicitó, inicialmente, la designación de la señora Khetam Odeh, como administrador judicial del caudal hereditario del causante. No obstante, mediante *Resolución* emitida el 28 de febrero de 2023, el tribunal de instancia determinó que la misma no estaba capacitada para ejercer dicho cargo. En vista de ello, el foro *a quo* concedió a las partes un término de siete (7) días perentorios, para que sometieran tres (3) nombres **en conjunto**, a los fines de nombrar un administrador judicial; apercibidas de que, el incumplimiento con dicha orden, conllevaría que el foro primario llevara a cabo la designación, como correspondiese en derecho.

Subsiguientemente, las partes presentaron sus candidatos, **de forma independiente**. Por su parte, la parte peticionaria sugirió como candidatos al señor Akram Sammy Odeh y a la señora Nura Sammy Odeh, mientras, el interventor propuso al licenciado Martínez. Toda vez que, las sugerencias no fueron presentadas de forma conjunta, el tribunal recurrido ordenó nuevamente a las partes a que sometieran, conjuntamente, tres (3) nombres alternos de candidatos a ocupar el puesto de administrador judicial. En dicha ocasión, el Tribunal dispuso de un término de cinco (5) días, apercibiendo una vez más a las partes de que, "[d]e no llegar a un acuerdo, es el Tribunal quien realizar[á] el nombramiento."[26]

No obstante lo anterior, las partes presentaron sus sugerencias de manera **separada**. Es decir, las partes no propusieron los tres (3) candidatos en consenso, según había sido ordenado por la primera instancia judicial. Ante ese hecho, el foro primario emitió *Orden Sobre Designación de Administrador Judicial*,

---

[26] Apéndice del recurso de *certiorari*, pág. 111.

el 16 de marzo de 2023, notificada el 17 de marzo de 2023, designando al licenciado Azize como administrador judicial del caudal del señor Sammy Odeh.

Como es sabido, nuestro ordenamiento jurídico dispone de un orden de prelación, con respecto a la designación de un administrador judicial. Dicho orden, debe tomarse en cuenta por el Tribunal al momento de llevar a cabo tal designación. Pese a ello, tanto el Código Civil, *supra*, como el Código de Enjuiciamiento Civil, *supra*, disponen que, **en aquellos casos en que no haya acuerdo entre los llamados a suceder**, **o en que se objete el nombramiento de un administrador judicial**, **el Tribunal tiene discreción para llevar a cabo la designación**.[27]

Según surge de los hechos reseñados en los párrafos que anteceden, surge de manifiesto que, las partes **no llegaron a un consenso** para sugerir tres (3) candidatos a ser considerados para la designación de administrador judicial. Si bien ambas partes presentaron sus candidatos, dicha presentación se realizó por separado. En ese sentido, al no haber acuerdo entre las partes, correspondía que, tal cual ocurrió, el Tribunal nombrará a un tercero extraño como administrador judicial del caudal, dentro de la discreción que se le concede para ello.

De un estudio ponderado del expediente ante nuestra consideración, no encontramos que el foro primario haya actuado en craso abuso de discreción, ni con prejuicio o parcialidad, así como tampoco observamos que se haya equivocado en la interpretación o aplicación de las normas jurídicas que aplican. Por el contrario, somos del criterio de que, el foro recurrido actuó conforme a derecho. De hecho, llamamos la atención de que el Tribunal acentuó en varias ocasiones que, las propuestas para el

---

[27] 31 LPRA § 11522; 32 LPRA § 2369.

nombramiento de administrador judicial debían presentarse en conjunto, apercibiendo a las partes de las consecuencias que conllevaría el incumplimiento de ello. Con todo, apreciamos correcta la determinación del foro primario, al nombrar al licenciado Azize como administrador judicial del caudal hereditario del señor Sammy Odeh.

Ahora bien, aun cuando razonamos correcto el curso seguido por el foro de instancia, con respecto a la designación del licenciado Azize como administrador judicial, diferimos con su determinación de no imponer una fianza. Conforme expuesto, el Artículo 565 del Código de Enjuiciamiento Civil, *supra*, establece que el administrador judicial debe prestar una fianza, a menos que el mismo sea relevado por los interesados mayores de edad.[28] Es decir, que, el administrador judicial únicamente puede ser relevado del requisito de prestar fianza cuando los interesados así lo dispongan.[29]

Del expediente ante nuestra consideración no surge relevo alguno por parte de los herederos. Al contrario, la parte peticionaria requirió la imposición de fianza al licenciado Azize. Así pues, en ausencia de un relevo expreso de todas las personas interesadas, mayores de edad y con capacidad para ello, procedía que el Tribunal de Instancia impusiera una fianza al licenciado Azize, en beneficio de la protección de los actos de administración.

**IV**

Por los fundamentos que anteceden, se *expide* el auto de *Certiorari*, y se modifica la *Minuta Resolución* de la vista del 22 de agosto de 2023, emitida por el foro primario, a los fines de que se ordene al administrador judicial designado, el licenciado Azize, a cumplir con el pago de fianza de administrador judicial. Así

---

[28] 32 LPRA § 2370.
[29] Véase, *Ab intestato Balzac Velez*, supra.

modificado, se confirma. El Tribunal deberá proceder conforme a lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones